**Jane DOE, Plaintiff,**

v.

**MONTGOMERY MALL LIMITED PARTNERSHIP, et al., Defendants.**

Civil Action No. AW 94–1997.

United States District Court, D. Maryland.

May 7, 1997.

Michael H. Stone, Washington, DC, for plaintiff.

Patricia M. Thornton, Lanham, MD, for defendants.

### MEMORANDUM AND ORDER

WILLIAMS, District Judge.

The Plaintiff, Jane Doe, filed this suit against the Defendants, Montgomery Mall Limited Partnership, et al., ("Montgomery Mall") alleging various counts of negligence. The four counts that form the basis of the Plaintiff's suit are as follows: failure to take reasonable security measures, failure to use reasonable care to maintain the premises,

failure to provide adequate security, and failure to warn of criminal activity on the premises. Presently before the Court is Defendants' Motion for Summary Judgment. The Court has reviewed the parties' memoranda and exhibits attached thereto and no hearing is deemed necessary. Local Rule 105(6) (D.Md.1995). For the reasons set forth below, the Court will deny the Defendants' motion for summary judgment.

### FACTS

On October 24, 1991, at approximately 10:00 pm, Ms. Doe, a waitress at Slades Restaurant in Montgomery Mall, was accosted as she was leaving work. (Complaint ("Cmpl.") ¶ 9). The assailant approached Ms. Doe as she was exiting the mall en route to the parking spaces designated for mall employees, on the 4th level of the parking garage. (Cmpl. ¶ 12) Ms. Doe was forced at knifepoint to proceed to her car, however, the assailant's plans were altered when Ms. Doe, in an effort to deter him, informed him that she had left her keys at the restaurant. (Cmpl. ¶¶ 15, 16) At this point, several women entered the parking garage, unaware that a crime was in progress, and headed toward a parked car. (Cmpl. ¶ 17). The assailant then demanded that Ms. Doe walk with him across the parking garage to a remote stairwell, where he forced her to unbutton her blouse. (Cmpl. ¶ 21). His attempt at sexually assaulting the Plaintiff in this stairwell was thwarted, after he heard an unidentified noise. (Cmpl. ¶ 22). The Plaintiff was forced to move to one other spot, before reaching one of the third floor stairwells, where the assailant raped her. (Cmpl. ¶¶ 24, 25). Following the rape, the assailant took the money Ms. Doe had with her and demanded more. (Cmpl. ¶¶ 26, 27). Ms. Doe informed him that she had more money in the restaurant, so the assailant directed her back to the restaurant at knifepoint. (Cmpl. ¶ 27). During her 20–25 minute encounter with the assailant, Ms. Doe was frantically looking for security, but she never saw anyone. (Cmpl. ¶¶ 28, 29). Upon reaching the restaurant, Ms. Doe alerted her manager that she had been raped and assaulted by the assailant and a chase ensued. (Cmpl. ¶ 30). The assailant, Robert Hines, Jr., was later convicted of first degree rape, third degree sexual offense, robbery with a dangerous and deadly weapon, and kidnapping. (Cmpl. ¶ 31).

### DISCUSSION

The Defendants have moved for summary judgment because they contend that there is no factual dispute with regard to the proximate cause element of the Plaintiff's negligence claim. In response, the Plaintiff argues that she has presented ample evidence which raises a factual dispute regarding this issue. Therefore, she argues that the motion for summary judgment should be denied. Summary judgment is appropriate when there is no genuine dispute of material fact and when the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In considering a motion for summary judgment, the Court views all facts and draws all reasonable inferences in the light most favorable to the party opposing summary judgment. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

I. Was the criminal attack on Ms. Doe foreseeable?

Both the Defendants and Plaintiff have focused primarily on the issue of proximate cause in briefing the motion for summary judgment.[1] Because the Court acknowledges the dispositive nature of this issue to the Plaintiff's case, it will also focus on whether or not there is a factual dispute with regard to the foreseeability of the criminal act which occurred on the Defendants' premises. Ma-

1. In the Defendants' motion for summary judgment, they argue that the Plaintiff does not have sufficient evidence to prove the proximate cause element of her negligence claim. Specifically, Montgomery Mall emphasizes that the assailant's criminal action was a superseding cause of Ms. Doe's injury, and as such, they are not liable. Ms. Doe contends that Montgomery Mall can be held liable for her injury, if the Defendants enhanced the likelihood that the criminal act would occur on the premises.

ryland law is void of caselaw which specifically addresses the tort liability of a commercial landlord when one of its tenant's employees is the victim of a crime on the business premises. However, the seminal case in the context of a residential landlord/tenant relationship provides an applicable legal analysis, since this relationship is comparable to that of a commercial landlord/tenant relationship.

In *Scott v. Watson*, the Plaintiff, a surviving child of the decedent, sued the Sutton Place Apartments alleging that it failed to protect the decedent from criminal acts committed in the common areas within its control. 278 Md. 160, 359 A.2d 548 (1976). Three questions were certified by the United States District Court for the District of Maryland to the Court of Appeals of Maryland. One of the questions inquired whether a landlord who has knowledge of increasing criminal activity, in or around the premises, has a duty to protect the tenants from the criminal acts of third parties. *Scott*, 359 A.2d at 550. The Court of Appeals of Maryland answered this question in the affirmative.[2]

■ In Maryland, a landlord can be held liable for an injury to his tenant, caused by a third party, if his "... breach enhanced the likelihood of the particular criminal activity which occurred." *Id.* 359 A.2d at 556. To determine if the defendant enhanced the likelihood of criminal activity, the Court directs the fact finder to analyze the circumstances surrounding the commission of the crime. *See Id.* (citing *Johnston v. Harris*, 387 Mich. 569, 198 N.W.2d 409 (1972)(court found that the inadequate maintenance of the common area enhanced the likelihood of an assault in the vestibule of an apartment building); *Braitman v. Overlook Terrace Corp.*, 68 N.J. 368, 346 A.2d 76 (1975)(court found that the lack of repair of a defective lock enhanced the likelihood of theft in an apartment building); *Sherman v. Concourse Realty*, 47 A.D.2d 134, 365 N.Y.S.2d 239 (2nd Dept.

1975)(court found that the absence of a lock on the front door enhanced the likelihood of the robbery of the tenant in the common area)).

In the present suit, Ms. Doe was attacked on the way to her car, which was parked in the remote area designated for employee parking. Ms. Doe alleges that there was no security personnel anywhere in the vicinity during the attack. Finally, Exhibit 2 of the Plaintiff's Opposition Memorandum (a Montgomery County Police Report) details all of the criminal activity which occurred from October 1, 1988 to October 31, 1991 at Montgomery Mall. Some of the crimes listed are crimes against the person such as simple assault, 4th degree sexual offense, robbery, and rape. All of this information, which must also be considered to determine whether there was a breach of the applicable standard of care, should be used to determine whether the kidnapping, rape, and robbery that occurred on October 24, 1994 was foreseeable. Thus, the Court must essentially envelop its determination of foreseeability within an analysis of whether the applicable standard of care has been breached.

■ This position has been taken by the United States Court of Appeals for the District of Columbia in the commercial landlord/tenant context. *Doe v. Dominion Bank of Washington, N.A.*, 963 F.2d 1552 (D.C.Cir. 1992)(an employee of a commercial tenant was raped in office building owned by defendant and subsequently filed a negligence suit alleging failure to take reasonable measures to secure the occupied and vacant areas of the building). In considering the issue of foreseeability, the Court stated that "[o]nce it is established that duties, generally, are owed to one party ... by another, ... the foreseeability of the risk at issue in a particular case might seem more applicable to determining whether the standard of care was breached." *Id.* at 1560. Further, the Court goes on to say that "... the condition of the premises is

---

2. During the Court's discussion of the duty owed by a landlord, it limits the scope of criminal activities which can be considered in a breach of duty analysis. *See Scott*, 359 A.2d at 554. The fact finder can only consider whether the landlord had knowledge of any criminal activities which occurred on the premises, as opposed to

the surrounding neighborhood. *Id.* It would follow that the foreseeability analysis must also adhere to this factual limitation. However, Ms. Doe only uses the criminal activity which occurred on the premises to support her argument, so the Court does not need to resolve this ambiguity.

a critical factor in assessing the foreseeability of the criminal conduct." *Id.* A reading of the memoranda submitted by Ms. Doe and Montgomery Mall, indicate that there is a genuine dispute with regard to the type and quality of security measures in place at the mall. Also, there is no indication regarding the security measures taken at comparable properties, and without this information the Court is unable to adequately assess the conditions at Montgomery Mall. Therefore, the Court must deny the Defendants' Motion for Summary Judgment, since there are genuine disputes of material fact which need to be resolved at trial.

### CONCLUSION

For the reasons set forth in this memorandum opinion, the Court has determined that it will deny the Defendants' Motion for Summary Judgment. In accordance with this memorandum opinion, it will be appropriately so ordered.

### ORDER

This 7th day of May 1997, it IS, by the United States District Court for the District of Maryland, hereby ORDERED:

1. That Defendants', Montgomery Mall Limited Partnership, et al., Motion for Summary Judgment BE, and the same hereby IS, DENIED;

2. That the Clerk of the Court MAIL copies of this Order and the attached Memorandum Opinion to all parties of record.